Mr. Justice Morris
delivered the opinion of the Court;
This is a suit upon a promissory note executed by the appellant, John H. Magruder, in which there was judgment *228 against him in the Supreme Court of the District, under the Seventy-third rule of that court, which has been frequently before us for consideration; and from that judgment he has appealed.
The note, which was for the sum of $1,050-^&, was executed on March 29,1897, and was made payable at No. 1417 New York avenue, in the city of Washington, thirty days after date, with interest, to the order of one Theron C. Crawford, who indorsed it to a firm of Moore & Schley, of which the appellees, Grant B. Schley, Elverton It. Chapman, Henry G. Timmerman and George F. Casilear, the plaintiffs in the court below, describe themselves as the surviving partners. The declaration filed by them, which contained a special count on the note and the common counts, and to which a copy of the note was affixed as a bill of particulars, was supported by an affidavit of Elverton R. Chapman, one of the partners, the sufficiency of which to justify a summary judgment under the Seventy-third rule in the absence of a proper defense, does not seem to be questioned. To this declaration, the appellant, the defendant in the court below, filed a plea of the general issue, and supported it by an affidavit to the effect that the note sued on had been given by the affiant (the defendant) in renewal of another note passed to said Crawford in payment of certain shares of stock in the Volkar Light Company of New Jersey, and that the said Crawford had agreed with the affiant that, if when the said note became due, the affiant was unable to pay it, he (Crawford) would pay it and take back the stock; and that, when the note became due, the affiant informed Crawford that he could not pay it; and thereupon Crawford, who had indorsed the same to the plaintiffs, paid the note, as affiant is informed and believes, but that the plaintiffs failed, as was their duty, to return it to Crawford.
The plaintiffs moved for judgment on the ground of the alleged insufficiency of the defendant’s affidavit; and at the *229 hearing, without any formal decision on the motion, the defendant had leave to amend his affidavit within ten days. On the next day the plaintiffs moved to vacate this order of allowance to amend, and for judgment. Thereupon the court sustained this motion, vacated the order for allowance of leave to amend, and entered judgment for the plaintiffs for the amount of the note. At the same time leave was granted to the defendant to move, within five days, to have the judgment vacated and for leave to file an amended affidavit. Within the five days, the defendant accordingly moved to vacate the judgment, and for leave to file an amended affidavit of defense; and he annexed to the motion the amended affidavit which he proposed to file. But upon the hearing of this, motion the court refused to vacate the judgment or to grant leave to file the proposed amended affidavit. From the order of the court overruling this motion, and from the judgment itself, the defendant has prosecuted the present appeal.
• It is plain that, in so far as this appeal seeks to review the action of the trial court in its refusal to' vacate the judgment, we can not entertain it. This precise point was adjudged in the case of Meyers v. Davis, 13 App. D. C. 361, 364, adversely to this contention. There we said:
“It is elementary law that the granting of leave to amend is discretionary with the court, and that neither the allowance nor the refusal of such leave is the proper subject of appeal to an appellate tribunal. Least of all is it proper basis for a writ of error or appeal, when the motion for. leave is made after judgment rendered. The motion then comes too late.”
The fact that in the very act of the rendition of the judgment in the present case there was a reservation of right to the defendant to come in and move for such leave and for the vacation of the j udgment, does not alter the discretionary character of the action of the court in the premises, or render it subject to review in the appellate tribunal. The *230 motion to vacate the judgment, the application for leave to file an amended affidavit, and necessarily that amended affidavit itself, we must regard as not being before us upon this appeal.
For the same reason we can not consider the action of the trial court in its first order of leave to the defendant to amend, or its subsequent order vacating the same, except possibly in so far as these may be involved, if they are involved, in the final judgment that was rendered. We have, therefore, before us for consideration only the original pleadings and affidavits in the cause and the judgment that was entered thereon; and, inasmuch as the plaintiff’s declaration and affidavit are deemed sufficient, the question for our determination resolves itself into an inquiry as to the sufficiency of the defendant’s affidavit as stating a satisfactory legal defense to the action.
We are clearly of opinion that this affidavit is insufficient, and that the court below was right in so holding. Whatever may be the real merits of the controversy between the parties — and as to these there would seem to be sufficient shown in the transcript of record before us to justify further inquiry into them either through proceedings in equity or otherwise — there is not in the defendant’s original affidavit, which alone, as we have said, we can consider here, a sufficient statement of defense to entitle the defendant to a trial by jury in the present cause. The execution and delivery of the promissory note, which is the ground of the suit, are conceded. It is conceded that it was given for a valuable consideration; and it is conceded that it was indorsed by the payee to the present plaintiffs in the due course of business. And it is not denied that the note, which was in fact a renewal of a previous note, was a valid outstanding liability on the part of the defendant. The ground of defense, the substantial part of which is stated merely upon information and belief, without any showing whatever as to the basis of such information and belief, and without any *231 proffer of ability or readiness to prove the fact at the trial, if fact it be, is the existence of an alleged collateral agreement between the defendant and the payee named in the note, whereby the latter was to pay the note at maturity and take back the stock for which it had been given in payment, in the event that the defendant should find himself unable to pay it; and the fact that the defendant did find himself unable to pay at maturity, and so notified the payee, and that the payee thereupon paid the note, but the plaintiffs, to whom it had been indorsed by the payee, failed to return it to the latter, as it was their duty to do. It is this alleged payment of the note by the payee to the plaintiffs which is stated by the defendant in his affidavit upon information and belief; and the substance of the defense must necessarily rest upon the truth of this alleged fact.
Now, the defendant in his affidavit gives us no basis whatever for his information; nor does he tell us whereon he rests his belief. So far as we know, the information and belief might have been based entirely upon the good faith of the payee that he would do as he promised to do; but there was nothing subsequent to the date of the maturity of the note, or even subsequent to the date of the execution of the note, to give the defendant any assurance that the collateral agreement would be carried into effect. The note was negotiable paper; it might have been transferred to other persons at any time. The best and most natural assurance that could be had would be an inquiry by the defendant at or after the maturity of the note, and the return of the note to him; but no inquiry whatever appears to have been made, and the defendant seems to have been content to leave his note outstanding upon the mere assurance of the payee before the note was given, to the effect that he (the payee) would pay it in the event that the defendant could not do so. Assuredly, a note in the hands of innocent third parties, such as from the original affidavit of the *232 defendant we must infer the plaintiffs to have been, whatever may have been the fact, can not be discredited and regarded as satisfied upon so unsatisfactory a showing as this.
The case of The Richmond v. Cake, 1 App. D. C. 447, is cited on behalf of the appellant as showing that an affidavit stating matters of fact “upon information and belief” is sufficient under the rules of the Supreme Court of the District; and undoubtedly, it is true that in many cases facts can truthfully be stated only upon information and belief. But when the case of The Richmond v. Cake is carefully examined it is apparent that the source of information is there indicated, and that the fact alleged upon information and belief was one which could be proved or disproved by the officers of the law who participated in the proceedings which gave rise to the controversy in the case. Moreover, in that case the affiant proceeded to aver that he expected to prove the facts at the trial, which is not a meaningless allegation, since the efforts of the party to prove such facts at the trial may well throw light upon his affidavit and either show its good faith or brand it as perjury.
We are of opinion, upon the record before us, so far as we can consider it, that there was no error in the action of the Supreme Court of the District in rendering judgment against the defendant under its rules ; and we think the judgment should be affirmed, with costs. And it is so ordered.